United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-30941
_____

SIDNEY J. ARNOLD, JR.,

Plaintiff-Appellant

v.

TOWN OF SLAUGHTER, LOUISIANA; KENNETH STEWART; WILLIAM POCHE;
MARTIN ROBERTS,

Defendants-Appellees

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-902-D
---------------------

Before DEMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Sidney J. Arnold, Jr. appeals from the district court's determination that his excessive force and false arrest claims were improper challenges to his state-court conviction for resisting an officer. Because the district court properly granted summary judgment on this basis, we affirm.

This case began with a traffic stop in Slaughter, Louisiana, on October 29, 2000. On that night, two Slaughter police officers, Appellants Kenneth Stewart and William Poche, stopped a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

car for driving without headlights and running a stop sign.  The car's driver, David Bonner, pulled into Arnold's driveway.  Stewart and Poche then stopped their police cruiser in the street in front of Arnold's house.  Two other police cars, including one driven by Appellant Martin Roberts, eventually arrived at the scene.

While Bonner was parked in the driveway, Arnold emerged from his house.  Arnold claims that he went outside to get his young son, who was looking at the police lights.  The parties disagree about what happened next.  The officers state that Arnold started a confrontation by making threats, being belligerent, and taking a swing at one of them.  Arnold contends, however, that he never threatened any of the officers or confronted them; he merely picked up his son.  Under both versions, Stewart scuffled with Arnold, causing both men to fall down.  During the fall, Arnold broke one of the bones in his neck.

Arnold was arrested and charged with public intimidation of police officers and possession of marijuana.[1]  He pleaded not guilty to these charges, which were eventually dropped.  Subsequently, Arnold was charged with resisting an officer.

---

[1]There is conflicting evidence regarding the exact charges upon which Arnold was originally arrested.  Stewart testified that he arrested Arnold for possession of marijuana, disturbing the peace, and interfering with an investigation.  The summons issued the date of the arrest indicates that Arnold was arrested for possession of marijuana and public intimidation.  Arnold pleaded not guilty to the latter two charges.

2

Following a bench trial in May 2001, he was convicted and sentenced. Arnold did not appeal, and his conviction has not been overturned.

On October 25, 2001, approximately five months after his conviction, Arnold brought this lawsuit against Stewart, Poche, Roberts, and the Town of Slaughter. This suit contains claims under 42 U.S.C. § 1983 and state law for false arrest, unreasonable search and seizure, false imprisonment, malicious prosecution, and excessive force. Following discovery, the officers and the town moved for summary judgment on the grounds that Heck v. Humphrey, 512 U.S. 477 (1994), barred Arnold's claims. The individual officers also argued that they were entitled to qualified immunity. The district court granted the motion, determining that Heck prevented Arnold from pursuing any of his claims. We review this summary judgment ruling de novo. Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003).

In Heck, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. 512 U.S. at 486-87. Heck bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." Id. at 486. Thus, unless his conviction has been overturned, a

3

plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid.

How Heck applies to excessive force claims is not always clear. By proving an excessive force claim, a plaintiff will not invariably invalidate his conviction. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). Other circuits have emphasized the conceptual difference between an excessive force claim and a challenge to a conviction. Both the Ninth and Third Circuits have indicated that an excessive force claim would not necessarily challenge a plaintiff's conviction for assault during a stop. Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).

While recognizing this distinction, this circuit has recognized that certain convictions will prevent a plaintiff from bringing an excessive force claim. For example, we have held that a Texas conviction for aggravated assault on a police officer bars claims for excessive force related to the same conduct. Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999). We reached this holding after determining that Texas law permits an officer to use any force – even deadly force – to protect against an aggravated assault. Sappington, 195 F.3d at 237. Because any force was justified in response to an assault, a finding that the officers used excessive force would necessarily mean that the plaintiff had not committed aggravated assault. Id. And thus a

4

judgment would call into question the plaintiff's conviction.
Id. Likewise, we have also held that a Louisiana conviction for
battery of an officer – a crime for which justification is an
affirmative defense – prevents the plaintiff from suing for
excessive force in connection with the incident. Hudson, 98 F.3d
at 873. If the plaintiff proved his excessive force claim, he
would essentially be proving that his battery was justified,
which would undermine his conviction. Id. As these cases show,
the Heck determination depends on the nature of the offense and
of the claim. Cf. Hudson, 98 F.3d at 873 (noting that, because
of the nature of the plaintiff's offense, the conceptual
difference between an excessive force claim and a challenge to a
conviction "may be applicable in many section 1983 claims of
excessive force, [but] it does not help [plaintiff] today").

In this case, Arnold was convicted of resisting an officer,
in violation of LA. REV. STAT. ANN. § 14.08. This statute provides
that:

> A. Resisting an officer is the intentional interference
> with, opposition or resistance to, or obstruction of an
> individual acting in his official capacity and authorized
> by law to make a lawful arrest or seizure of property or
> to serve any lawful process or court order when the
> offender knows or has reason to know that the person
> arresting, seizing property, or serving process is acting
> in his official capacity.
> B. (1) The phrase "obstruction of" as used herein shall,
> in addition to its common meaning, signification, and
> connotation mean the following:
> (a) Flight by one sought to be arrested before the
> arresting officer can restrain him and after notice is
> given that he is under arrest.
> (b) Any violence toward or any resistance or opposition

5

to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer or providing false information regarding the identity of the arrested party to the arresting officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.

LA. REV. STAT. ANN. § 14.08.

While the statute provides many ways of committing the offense, the judge in the criminal trial found that Arnold resisted an officer by being hostile and threatening and by initiating confrontation:

> Mr. Arnold was hostile, he was belligerent, he made threats, and by doing that he interfered with the officers performing a duty with respect to the arrest of the motorist . . . And he refused their requests to go back inside and it was only after that . . . that they placed him under arrest. He compounded the . . . problem by . . . initiating a physical confrontation with Lieutenant Stewart after Lieutenant Stewart attempted to prevent him from escaping, from fleeing from the arrest site. I will find Mr. Arnold guilty of resisting an officer.

Despite the state court's findings, Arnold's current lawsuit contends that he did nothing to provoke Stewart's actions. Arnold's complaint does not state that Arnold made any threats or initiated any physical confrontation. Moreover, during his deposition in this case, Arnold testified that he never attempted to strike any of the officers, never threatened any of them and, in fact, never resisted their attempts to arrest him.[2]

---

[2] Arnold's summary judgment evidence is consistent with his deposition testimony. For example, the affidavit of witness Dee

6

Thus, Arnold's claims are not that the police used excessive force after he stopped resisting arrest or even that the officers used excessive and unreasonable force to stop his resistance. Instead, Arnold claims that he did nothing wrong, but was viciously attacked for no reason. He provides no alternative pleading or theory of recovery.

In this way, Arnold's claims are distinguishable from excessive force claims that survive Heck's bar. For example, Arnold's case differs from Nelson, where the Third Circuit permitted the plaintiff to show that the defendant used excessive force, but prohibited him from contradicting the criminal jury's finding that some substantial force was justified. Nelson, 109 F.3d at 146. Similarly, in Smithart, the plaintiff – who was convicted of driving his truck at officers – contended that the defendant officers arrested him, handcuffed him, and then beat him, and thus "used force . . . out of proportion to the threat which [plaintiff] posed to the defendants." Smithart, 79 F.3d at 952. Smithart's claim did not challenge the finding that the plaintiff drove his truck at the defendants. In both Smithart and Nelson, a plaintiff could proceed with a claim that did not contradict the criminal jury's fact finding. In contrast, Arnold's suit squarely challenges the factual determination that underlies his conviction for resisting an officer. If Arnold

Arnold contends that Stewart attacked Arnold "for no reason whatsoever."

prevails, he will have established that his criminal conviction lacks any basis. Therefore, this lawsuit challenges the validity of Arnold's conviction and is barred by Heck.

Arnold additionally argues, without citation, that Heck does not apply to his claims because he was arrested for possession of marijuana and public intimidation, but was convicted of resisting an officer. As far as his excessive force claim is concerned, Heck does not require exact identity of the arresting offense and the offense of conviction. Cf. Hudson, 98 F.3d at 872 (Heck barred false arrest and excessive claims of plaintiff, who was arrested for burglary, but prosecuted for battery of an officer and felon in possession of a firearm). Further, to obtain Arnold's conviction for resisting an officer, the prosecution had to prove that the officers were making a lawful arrest. LA. REV. STAT. ANN. § 14.08. The state trial judge appeared to find that Arnold resisted and interfered with two different lawful arrests – his own and Bonner's. Thus, by claiming false arrest, Arnold argues that, contrary to one finding underlying his conviction, his arrest was unlawful. This claim, then, also violates Heck.

Arnold has not briefed his other claims. He has therefore abandoned them. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

For these reasons, we affirm the district court's judgment. AFFIRMED.

8