# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2011

Lyle W. Cayce
Clerk

No. 09-11044
Summary Calendar

TROY L. BISHOP,

Plaintiff-Appellant

v.

DR. DAVID KARNEY, Psychiatrist Clinical Director; MS. SCOTT, Property Officer; MIKE ROWLAND,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CV-167

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Troy L. Bishop, Texas prisoner # 688987, appeals the summary-judgment dismissal of his 42 U.S.C. § 1983 complaint.  In his complaint, he alleged that Dr. David Karney discharged and transferred him out of the Step Down Program, a program for aggressive inmates who are a frequent danger to themselves, in retaliation for his previous litigation against the prison medical staff.  Bishop also contended that Karney, in discharging him from the program,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was deliberately indifferent to his health and safety and treated him differently than other similarly situated prisoners.

With regard to Zonia Scott, Bishop averred that she confiscated his "self-help law books" in retaliation for his having filed a lawsuit against friends and co-workers. He alleged that Rowland ordered "chemical agents" to be sprayed onto his person in retaliation for his having filed a lawsuit and for filing a grievance.

We review a grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When considering whether to grant summary judgment, a court may not determine the credibility of a witness. *International Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

As an initial matter, Bishop does not address the basis for the district court's dismissal of his claims against Rowland and Scott or the dismissal of his due process claim. Thus, the claims are deemed abandoned. S*ee Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Bishop first avers that the district court improperly resolved factual disputes in granting summary judgment. He contends that his affidavit "squarely contradicts" the defendants' summary judgment evidence. Bishop's argument is entirely conclusional. Bishop does not identify the "factual disputes" or the alleged contradictions. This court is not required to search the record to find a factual or legal basis for an issue. *United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc).

With regard to the retaliation claim against Karney, Bishop argues that he established a genuine issue of material fact with regard to whether Karney's decision to transfer him from the Step Down Program was motivated by

2

retaliatory animus. However, he fails to adequately address the district court's alternative finding that Karney was entitled to qualified immunity.

A qualified immunity defense alters the usual summary judgment burden of proof. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law. *Id.*

The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009). A court may rely on either prong of the defense in its analysis. *Id.* If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were "objectively reasonable" in light of "law which was clearly established at the time of the disputed action." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004) (citations omitted). To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). The unlawfulness of the defendant's actions must have been readily apparent from sufficiently similar situations, but it is not necessary that the defendant's exact acts have been illegal. *Id.* at 236-37. In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Here, the district court determined that Karney's action, even if based on erroneous judgment, was objectively reasonable entitling him to qualified immunity. Bishop's argument on this point consists of only boilerplate recitations of law and a statement that because Karney "acted as a private contractor, under color of state law of Texas," he was not entitled to qualified

immunity. Karney, in his affidavit stated, that he was a licensed psychiatrist who worked for the Texas Department of Criminal Justice under a personal services contract with the Texas Tech University Health Sciences Center. A private doctor under contract with a state prison to provide medical care to prisoners is considered a state actor because his action in providing medical care to prisoners is fairly attributable to the state. *See West v. Atkins*, 487 U.S. 42, 49-50, 54-57 (1988).

Accordingly, Karney was a state actor entitled to the protections of qualified immunity. Moreover, Bishop provides no challenge to the district court's explicit finding that Karney's action of transferring him off the Step Down Program was objectively reasonable so as to entitle him to qualified immunity. We affirm the district court's dismissal of Bishop's retaliation claim against Karney on the basis that he was entitled to qualified immunity.

Bishop contends that Karney's action in transferring him out of the Step Down program exhibited deliberate indifference to his health and safety. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Bishop's transfer from the Step Down Program did not result in a denial of medical treatment. The record reflects that Bishop received numerous medical visits and ongoing mental health treatment for his self-mutilation. As such, Bishop has failed to establish a genuine issue of material fact as to his deliberate indifference claim.

In sum, the record reflects that Bishop has failed to raise genuine issues of material fact as to his retaliation and his deliberate indifference claims. Accordingly, the district court's judgment is AFFIRMED, and Bishop's motion for appointment of counsel is DENIED as moot.