# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2012

No. 11-30867

Lyle W. Cayce
Clerk

ROSE WALTER and SYLVESTER SHELTON

Plaintiffs-Appellants

v.

HORSESHOE ENTERTAINMENT

Defendant-Appellee

Appeal from the United States District Court for the
Western District of Louisiana, Shreveport Division
No. 5:11-CV-463

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants Rose Walter and Sylvester Shelton appeal the district court's grant of summary judgment in favor of Horseshoe Entertainment and its order dismissing appellants' suit, alleging that Horseshoe Entertainment violated their constitutional rights by permitting the use of excessive force against them and permitting their unlawful arrest. Because we find that the appellants' claims are barred by *Heck v. Humphrey*[1], we AFFIRM the district court's grant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

No. 11-30867

of summary judgment and DENY the appellants' motions to continue discovery and to amend their complaint.[2]

## I.

This case arises from an incident taking place at the Horseshoe Casino and Hotel in Bossier City, Louisiana. On March 12, 2004, appellants Rose Walter (Walter) and Sylvester Shelton (Shelton) were at the casino when a member of their group became involved in a verbal incident with another Horseshoe patron. The assistant security supervisor, Dylan James (James), and the shift manager Ronnie Tubbs responded to the incident.

Some time after that incident was resolved, James received notice that the same patrons were involved in another altercation. When James arrived at the scene, he found Walter very upset and unable to calm down. James asked that Walter leave the casino for 24 hours. James also called for police assistance, and Officer Christoper Estess (Estess) of the Bossier City Police Department responded.

James and Estess began escorting Walter and Shelton from the premises. Walter abruptly stopped, apparently because she heard someone call her name. The security guard escorting Walter jerked her arm, and Walter pulled away. This triggered an altercation between the police officer, the security guard, Walter and Shelton. Walter and Shelton refused to proceed out of the casino, and the officer and security guard forcibly restrained and handcuffed them. Walter and Shelton were charged with remaining after being forbidden and resisting arrest. Both Walter and Shelton were convicted of those offenses in Bossier City Court.

---

[2] The appellants argue in their brief that this court does not have jurisdiction over their appeal, asserting that the district court "improperly accepted removal" of the case. The district court had federal question subject matter jurisdiction over the appellants' § 1983 claims. The district court entered a final appealable order, and there was a timely notice of appeal. We therefore have jurisdiction to hear the appeal.

No. 11-30867

Walter and Shelton filed a petition in state court in 2005 against Bossier City, Officer Estess and the Horseshoe Casino and Hotel. That petition was later amended to include Horseshoe Entertainment as a defendant. The state court granted summary judgment in favor of the Officer and City. Horseshoe Entertainment then removed the sole remaining claim, a constitutional claim under 42 U.S.C. § 1983, to federal court. The district court granted Horseshoe's motion for summary judgment, finding that Horseshoe was entitled to qualified immunity. The district court also denied the plaintiffs' motion for an extension of time to conduct discovery and motion to amend their complaint.

## II.

We review a grant of summary judgment de novo, applying the same standards as the district court. *Bishop v. Acuri*, 674 F.3d 456, 460 (5th Cir. 2012).

## III.

To state a claim under § 1983, the appellants must establish that they were deprived of a constitutional right, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). While employees of private enterprises are not generally considered to be state actors, a private person such as a security guard may be considered a state actor for the purposes of § 1983 when "he is a willful participant in joint activity with the State or its agents." *Meade v. Dillard Dept. Stores*, 275 F.3d 43 (5th Cir. 2001) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Because we hold that the appellants' claims are in any event barred by the rule established in *Heck v. Humphrey*, 512 U.S. 477 (1994), we do not reach the question of whether the Horseshoe security staff should be considered state actors for the purposes of § 1983.[3]

---

[3] The district court found that the Horseshoe security staff was entitled to qualified immunity, which "protects government officials from liability for civil damages insofar as their

No. 11-30867

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck* at 486–87. The *Heck* rule was formulated in deference to the principle that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486.

The appellants allege that they were arrested unlawfully, despite having been convicted in Bossier City Court of resisting arrest and remaining in a place after being forbidden. In order to support a claim for unlawful arrest, a plaintiff must show that he was arrested without probable cause. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 481 (5th Cir. 1999). Here, the plaintiffs were arrested for crimes of which they were ultimately convicted. *Heck* therefore bars recovery for the false arrest claim, because the conviction necessarily implies that there was probable cause for the arrest. *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999). As we held in *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995), "[i]f

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The law is not established in this circuit, however, as to whether private entities such as these are entitled to the protections of qualified immunity. While individuals who are retained by the government to perform a particular task are entitled to qualified immunity when performing that task, it is less clear whether a security guard working in concert with the police is entitled to the protections. See *Filarsky v. Delia*, 132 S.Ct. 1657, 1661-68 (2012) (holding that an individual retained by the government may be entitled to qualified immunity regardless of whether he is a full-time employee); *Bishop v. Karney*, 408 Fed. Appx. 846, 848 (5th Cir. 2011) (holding that a private doctor under contract with a state prison to provide medical care is entitled to qualified immunity). *Cf. Richardson v. McKnight*, 521 U.S. 399, 412 (1997) (holding that prison guards employed by a private prison are not entitled to qualified immunity).

there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails. Thus [plaintiff's] proof to establish . . . false arrest, i.e., that there was no probable cause to arrest . . . would demonstrate the invalidity of [plaintiff's] conviction . . . ." A § 1983 claim that would invalidate a conviction is barred by *Heck*.

The *Heck* principle also operates to bar the appellants' claims of excessive force. We have held that "a successful claim of excessive force would necessarily undermine [a] conviction for resisting arrest." *Thomas v. Louisiana State Police*, 170 F.3d 184, 184 (5th Cir. 1999). A claim of excessive force that is "temporally and conceptually distinct" from the conviction would not be barred by *Heck*. *See Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008). But appellants' claims are not derived from distinct incidents. Their convictions for resisting arrest and their claim of use of excessive force stem from a single interaction. The appellants argue that they did not resist arrest when asked to leave the casino, and that the force used against them was therefore excessive. That claim can only be read as an attack on the validity of their conviction for resisting arrest, and it is therefore barred by *Heck*.[4]

Appellants assert that *Heck* should not apply, because their convictions have been set aside pursuant to Article 894 of the Louisiana Code of Criminal Procedure. Article 894 gives the criminal court discretion to suspend sentencing and set aside criminal convictions for misdemeanants. La. C. Cr. P. 894.[5] The

---

[4] We recognize that the predicate for Horseshoe's liability is *respondeat superior*, i.e., its responsibility for the conduct of its employees. The law is clear that *Heck* operates to protect employers sued for failure to train or supervise as well as liability for the wrongful acts of their agents. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

[5] The article provides in relevant part:

A. (1) Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, except criminal neglect of family, or stalking, the court may

No. 11-30867

text of the article makes it clear, however, that granting relief under Article 894 does not invalidate the conviction or call into question the court's finding of guilt. A dismissal under Article 894 has the procedural effect of an acquittal, but the dismissed conviction "may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender." La. C. Cr. P. 894B(2). The Article 894 set-aside is meant as an "act of grace to one convicted of a crime." *See State v. Gordon*, 214 So. 2d 794, 796 (La. 1949) (describing a predecessor to Article 894). It is fundamentally different in character from the exceptions provided by *Heck*, each of which describes a situation where the legal validity or factual basis of the conviction itself has been called into question.

---

suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the court may fix. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.

. . .

B. (1) When the imposition of sentence has been deferred by the court, as authorized by this Article, and the court finds at the conclusion of the period of deferral that the defendant has not been convicted of any other offense during the period of the deferred sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution . . . .

(2) The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision may occur only once with respect to any person during a five-year period . . . .

La. C. Cr. P. 894A–B.

6

No. 11-30867

IV.

Because we conclude that the appellants' claims that Horseshoe staff used excessive force against them and unlawfully arrested them are attacks on the validity of their criminal convictions, we AFFIRM the district court's grant of summary judgment for the appellees.