# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60512

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

JOHNNY LEE DUCKSWORTH,

   Plaintiff - Appellant

v.

ZACHARY ROOK, Officer, In his Individual and Official Capacity;
NAROTTAM HOLDEN, Officer, In his Individual and Official Capacity;
FRAZIER BOLTON, Chief, In his Individual and Official Capacity;
HATTIESBURG POLICE DEPARTMENT; CITY OF HATTIESBURG,

   Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-146

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnny Lee Ducksworth appeals the dismissal of his 42 U.S.C. § 1983 claims against several law enforcement officers, the Hattiesburg Police Department, and the City of Hattiesburg. The district court determined that his § 1983 claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60512

because his convictions for resisting arrest and assault and battery of an officer arose from the same event upon which his civil claims are based. For the reasons below, we affirm.

I.

Ducksworth alleged that on November 4, 2012, in the parking lot of a convenience store, he was assaulted by several officers of the Hattiesburg Police Department. He claimed that an officer stopped him, grabbed him by the neck, and shoved him against his truck. Then "about a dozen officers" allegedly kicked, punched, and stomped on him as he lay on the ground. He alleged that they broke his arm, hogtied him, hit him with a baton, and shot pepper spray in his eyes. Filing suit against the officers, the Hattiesburg Police Department, and the City of Hattiesburg, Ducksworth asserted claims under 42 U.S.C. §§ 1983, 1985(e), and 1986, as well as various state law claims.

Defendants filed a motion to dismiss, which the district court granted in part and denied in part. After commenting on the inartful drafting of the complaint, the district court found that, despite its vague language, Ducksworth's allegations stated a plausible claim under § 1983. The district court noted the many flaws in Ducksworth's pleadings but allowed him to amend "[t]o the extent the Court's rulings are based upon mere pleading deficiencies." *Ducksworth v. Rook*, No. 2:14-CV-146, 2015 WL 737574, at *6–7 (S.D. Miss. Feb. 20, 2015) (pointing out that the complaint's "shotgun pleadings" came close to warranting sanctions).

Ducksworth filed an amended complaint. Defendants then filed a second motion to dismiss, raising many of the same arguments but also pointing to public records that showed Ducksworth had been convicted of disorderly conduct, assault and battery of a police officer, and resisting arrest on the date

2

No. 15-60512

in question.[1] Relying on *Heck*, defendants argued that Ducksworth was barred from pursuing his § 1983 claims for unlawful arrest and excessive force because the facts underlying his claims are not separable from the facts that resulted in his convictions. The district court agreed and granted defendants' motion in full. Ducksworth appealed.

## II.

We review de novo the district court's grant of a motion to dismiss. *See Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014). "To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face." *Id.* We do not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

## III.

Ducksworth concedes his convictions but nonetheless argues that his claims remain valid, even under *Heck*, because the officers continued to beat him after he was restrained.[2] Defendants contend that Ducksworth's § 1983 claims of excessive force and false arrest are barred under *Heck* because his factual allegations are necessarily inconsistent with the validity of his convictions.

Under *Heck*, "a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted,

---

[1] In deciding a Rule 12(b)(6) motion, a court may refer to matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

[2] Like his pleadings, Ducksworth's brief on appeal is vague, disorganized, and conclusory. He challenges the district court's application of *Heck* but fails to offer any other legal argument expressing or explaining how the district court committed reversible error on his other claims. His failure to adequately brief any of the other issues on appeal constitutes waiver of those issues. *See* Fed. R. App. P. 28(a)(9)(A); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992).

unless he proves that his conviction or sentence" has been in some way reversed or invalidated. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (internal quotation marks omitted). If specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction, then a plaintiff's claim is barred by *Heck. Bush*, 513 at 498 n.14.

Ducksworth's excessive-force claim was properly dismissed under *Heck*. Where a complaint describes "a single violent encounter in which the plaintiff claimed he was an innocent participant" but the allegations are inconsistent with his conviction, *Heck* applies to bar his excessive-force claims. *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013) (citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007)). Section 1983 claims that are temporally and conceptually distinct from the excessive force claim, however, are not barred by *Heck. See Walter v. Horseshoe Entm't*, 483 F. App'x 884, 887 (5th Cir. 2012) (internal quotation marks and citations omitted). That is because a claim that officers employed excessive force after the arrestee stopped resisting does not necessarily imply the invalidity of a conviction for earlier resistance. *Bush*, 513 F.3d at 498.

It is undisputed that Ducksworth was convicted of disorderly conduct, assault on a police officer, and resisting arrest as a result of the events described. He alleges, however, that a group of police officers perpetrated an unprovoked attack against him. His amended complaint alleges that he "experienced cruelty and violence when he, a black man, ventured out alone at night to go to the convenience store"; that defendants "exercise[d] . . . unnecessary and unlawful use of force when they . . . detained him"; and that they "illegally fabricate[d] a false claim to justify wrongfully arresting and imprisoning [him and] detaining him." In narrating his encounter with the officers, Ducksworth fails to mention that he assaulted the officers and resisted arrest. Rather, he presents his factual allegations as a "single violent

encounter" with law enforcement during which he was "an innocent participant." *Daigre*, 549 F. App'x at 286 (concluding that *Heck* barred plaintiff's excessive-force claim where he was convicted of aggravated assault on officer but alleged he had done nothing wrong); *DeLeon*, 488 F.3d at 656–57 (holding excessive-force claim *Heck*-barred where plaintiff, convicted of resisting arrest, alleged that she was wholly innocent); *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324–25 (5th Cir. 2004) (finding excessive-force claim barred under *Heck* where plaintiff alleged he was attacked for no reason despite conviction for resisting arrest). Ducksworth makes no mention of his conduct, and offers no differentiation of his behavior before and after he was restrained.

Although Ducksworth argues on appeal that his claims are not barred by *Heck* because the officers used excessive force *after* he was restrained, the factual allegations in his complaint tell a different story. His complaint presents a single narrative of an unprovoked police attack; his "broad claims of innocence relate to the entire arrest encounter, and not merely a discrete part of it." *Daigre*, 549 F. App'x at 287. In short, Ducksworth's allegations of a wanton attack by police officers directly challenge the validity of his subsequent convictions and thus his excessive-force claim is barred by *Heck*.

Ducksworth's claim for false arrest is similarly barred. "[I]n order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). The Supreme Court, in *Heck*, observed that § 1983 unlawful-arrest claims fail in cases where "[a] state defendant is convicted of and sentenced for the crime of resisting arrest . . . [because] he would have to negate an element of the offense of which he has been convicted." 512 U.S. at 486 n.6; *see also Wells v. Bonner*, 45 F.3d 90 (5th Cir. 1995) (explaining that the plaintiff's proof to establish his false arrest

No. 15-60512

claim would demonstrate the invalidity of his conviction for resisting a search). Here, Ducksworth was arrested for crimes for which he was ultimately convicted. *Heck* therefore bars recovery for his false arrest claim as well, because his convictions necessarily imply that there was probable cause for his arrest.

IV.

Because we find that the district court properly applied *Heck* to bar Ducksworth's § 1983 claims, we AFFIRM.