NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-741

GEORGE MORGAN

VERSUS

LOUISIANA STATE TROOPER,
TAYLOR SCRANTZ, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 76626-B
HONORABLE CHUCK R. WEST, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Jonathan W. Perry, Judges.

AFFIRMED.

**George Morgan**
**In Proper Person**
**Post Ofice Box 396**
**Melville, Louisiana  71353**
**(337) 623-3116**
**PLAINTIFF/APPELLANT:**
    **George Morgan**

**Jeannie C. Prudhomme**
**Appeal Counsel**
**Daniel Charles Palmintier**
**Trial Counsel**
**Louisiana Department of Justice**
**556 Jefferson Street, 4th Floor**
**Lafayette, Louisiana  70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State of Louisiana, thru Department of Public Safety & Correction**
    **Taylor Scrantz, Louisiana State Trooper**

**William David Coffey**
**Appeal Counsel**
**Assistant Attorney General**
**Louisiana Department of Justice**
**1450 Poydras Street, Suite 900**
**New Orleans, Louisiana 70130**
**(504) 599-1200**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **State of Louisiana, thru Department of Public Safety & Correction**
    **Taylor Scrantz, Louisiana State Trooper**

**CONERY, Judge.**

Plaintiff, George Morgan, appeals the trial court's granting of summary judgment in favor of the Louisiana Department of Public Safety and Corrections, d/b/a the Louisiana State Police (DPSC), and Louisiana State Trooper Taylor Scrantz, dismissing with prejudice Mr. Morgan's petition for damages wherein he alleges he suffered following a January 5, 2016 arrest by Trooper Scrantz. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Morgan was arrested by Trooper Scrantz on January 5, 2016 on the charges of improper lane usage, failure to yield to an emergency vehicle, and resisting an officer. On October 10, 2017, Mr. Morgan pled guilty to the charges of resisting an officer and improper lane usage. He was sentenced to fifteen days in the Evangeline Parish Jail, suspended, ninety days active supervised probation, and was ordered to pay various fines and court costs. The State moved to *nolle pros* the charge of failure to yield to an emergency vehicle, and the trial court so ordered.

Prior to his plea in October of 2017, on January 4, 2017, Mr. Morgan filed a timely *pro se* lawsuit, naming as defendants the DPSC and Trooper Scrantz. Plaintiff alleged false arrest and excessive force claims against Trooper Scrantz pursuant to 42 U.S.C. § 1983 and state law. Plaintiff contended that the arrest and excessive force caused injuries to his back, head, and neck. Mr. Morgan further alleged a violation of his constitutional rights based on the Fifth Amendment and advanced a claim based on the negligence of the DPSC for its failure to train and supervise Trooper Scrantz. Mr. Morgan was ultimately able to retain counsel in

May 2018, who responded to outstanding discovery requests from the DPSC and Trooper Scrantz.

On March 15, 2019, both the DPSC and Trooper Scrantz filed a Motion for Summary Judgment seeking to dismiss Mr. Morgan's claims under § 1983 and the Fifth Amendment as well as his claims for negligent training and supervision of Trooper Scrantz. On July 31, 2019, counsel for Mr. Morgan filed his opposition to the motion for summary judgment. The DPSC and Trooper Scrantz filed a reply brief on August 22, 2019.

The trial court heard the DPSC and Trooper Scrantz's motion for summary judgment on August 26, 2019 and ruled from the bench, granting the motion for summary judgment in its entirety. It dismissed all claims asserted by Mr. Morgan against the DPSC and Trooper Scrantz with prejudice.

Shortly after the judgment was issued by the trial court, on September 10, 2019, counsel for Mr. Morgan requested and was granted leave by the trial court to withdraw as counsel of record for Mr. Morgan. Mr. Morgan then timely filed his *pro se* appeal of the trial court's judgment dismissing his case with prejudice.

## ASSIGNMENT OF ERROR

Mr. Morgan's *pro se* brief consists of five pages of complaints about the trial court's ruling granting the summary judgment in favor of the DPSC and Trooper Scrantz and his treatment at the hands of the Evangeline Parish District Court System.

## LAW AND DISCUSSION

*Standard of Review*

The standard of appellate review for a trial court's determination to grant a motion for summary judgment is *de novo*. *Samaha v. Rau*, 07-1726 (La. 2/26/08),

977 So.2d 880. The appellate court uses the identical criteria that governed the trial court's consideration of whether summary judgment should be entered. *Id.*

### Summary Judgment - Louisiana Code of Civil Procedure Article 966

Summary judgment "is designed to secure the just, speedy, and inexpensive determination of every action … [T]he procedure is favored and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). After "adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*

"A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of a legal dispute." *Smith v. Our Lady of the Lake Hosp., Inc*. 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue is one as to which reasonable persons could disagree; if reasonable person could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806 (La. 6/25/04), 876 So.2d 764, 765-66.

"The only documents that may be filed in support of or in opposition to the motion are the pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4).

Nonetheless, "the burden of proof rests with the mover." La.Code Civ.P. art. 966(D)(1). Louisiana Code of Civil Procedure Article 966(D)(1) further provides in pertinent part:

> Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court … the mover's burden on the motion does not require him to negate all essential elements of the adverse

party's claim … but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim…[T]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Louisiana Code of Civil Procedure Article 967(B) also requires:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

### *42 U.S.C. § 1983*

Section 1983, which allows a civil action for deprivation of rights, provides in pertinent part:

Every person, who under the color of any statute, ordinance, regulation, custom or usage of any State … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

The United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) held that:

[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

At trial, Mr. Morgan's counsel conceded that the holding in *Heck* was controlling and agreed with the trial court "that in light of the guilty plea [for resisting an officer] the false arrest claims would fail." Accordingly, the trial court

granted summary judgment on behalf of the DPSC and Trooper Scrantz dismissing Mr. Morgan's claim for false arrest.

### *42 U.S.C. § 1983 Claim - Excessive Force*

In the case of *Williams v. Dohm*, 14-102 (La.App. 1 Cir. 10/14/14), 153 So.3d 542, a panel of our sister circuit summarized the burden of proof required to maintain a claim for excessive force based on 42 U.S.C. § 1983, which is a "federal constitutional claim that is analyzed via Fourth Amendment constitutional standards. *Penn v. St. Tammany Par. Sheriff's Office*, 02-0893, p. 4 (La.App. 1st Cir. 4/2/03), 843 So.2d 1157, 1159."

"In order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Richard v. City of Harahan*, 6 F.Supp.2d 565, 573 (E.D. La. 1998). Further "the plaintiff is [ ] required to **show a significant injury** that resulted from the use of objectively unreasonable force that was clearly excessive of the need." *Penn,* 843 So.2d at 1160 (emphasis added.)

At the beginning of the discussion with the trial court on the issue of Mr. Morgan's claim for excessive force, counsel for the DPSC and Trooper Scrantz urged the application of the case of *Williams v. Harding,* 12-1595 (La.App. 1 Cir. 4/26/13), 117 So.3d 187. Counsel argued that *Williams v. Harding* stands for the proposition that *Heck* also applied to Mr. Morgan's excessive force claim based on Mr. Morgan's plea to the charge of resisting an officer. Therefore, counsel contended that Mr. Morgan's excessive force claims were also barred by *Heck. Rice v. ReliaStar Life Ins. Co*., 770 F.3d. 1122, 1135 (5th Cir. 2014)

In *Williams v. Harding*, the plaintiff was convicted and sentenced to aggravated battery of a police officer, which would prevent a plaintiff from asserting an excessive force claim because "a finding that the officer used excessive force would necessarily mean that the plaintiff was somehow justified in the battery which would undermine the conviction." *Arnold v. Town of Slaughter*, 100 Fed.Appx. 321, 323 (5th Cir 2004), *cert. denied*, 543 U.S. 966, 125 S.Ct. 429 (2004). Nonetheless, a determination of whether *Heck* applies and bars a § 1983 plaintiff from bringing a claim "depends on the nature of the offense and of the claim." *Arnold*, 100 Fed.Appx. at 323. *See also Hudson v. Hughes*, 98 F.3d 869, 873 (5th Cir. 1996).

Counsel for Mr. Morgan argued that *Heck* was not controlling and would not bar Mr. Morgan's claim for excessive force, based on the cases of *Arnold*, and *Hudson*. Counsel stated, "*Heck* doesn't follow all excessive force claims." The trial court responded, "I agree with that. It does not." Counsel for Mr. Morgan further argued that, "I believe it comes down to a question for the trier of fact in this case which would be the jury, as to whether or not the force used in the circumstances was reasonable."

In Mr. Morgan's case, the nature of the offense was resisting an officer, to which he pled guilty. His corresponding claim was for false arrest. However, Mr. Morgan argued that he was not resisting an officer, and did nothing wrong except to drive to a lighted spot before he stopped his vehicle, claiming he was afraid to stop on a dark road as he believed Trooper Scrantz was acting "erratically." Mr. Morgan insists he made a 911 call to convey this information, but, after a pre-trial conference, both attorneys agreed that there was no record of a 911 call to either St. Landry Parish Communications, District E, 911 or the Evangeline Parish 911 Call

6

Centers by Mr. Morgan on the date of his January 5, 2016 arrest. Importantly, Mr. Morgan offered no evidence into the record and failed to submit any documentation such as medical records or affidavits in opposition to the motion for summary judgment.

In contrast, Trooper Scrantz offered in support of the motion for summary judgment his March 18, 2019 affidavit, which gave a detailed account of his encounter and arrest of Mr. Morgan. Nevertheless, the trial court found that based on the record, which did not contain any of the circumstances surrounding the arrest, any video footage or a deposition, that no determination could be made from "this motion for summary judgment" of whether *Heck* would bar the proceeding.

DPSC and Trooper Scrantz argued that regardless of the application of *Heck* to a § 1983 claim, La.Code Crim.P. art. 220 is relevant in its requirement that "[a] person shall submit peaceably to a lawful arrest," and in its provision that "[t]he person making a lawful arrest may use reasonable force to effect the arrest and detention, and also to overcome any resistance or threatened resistance of the person being arrested or detained." Defendants further referenced La.R.S. 14:108(A), which states that "[r]esisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest[.]"

In this case, Trooper Scrantz was authorized by law to make a lawful arrest, and Mr. Morgan pled guilty to resisting arrest. There is no evidence indicating that the force alleged to have been used on Mr. Morgan was not in response to his resisting arrest and thus a component of the charge of resisting an officer. In addition, counsel reminded the trial court that the movants for the motion for

7

summary judgment, the DPSC and Trooper Scrantz, did not have the burden of proof at trial on this issue.

The trial court responded that counsel needed only point out the lack of support for one of the elements necessary for Mr. Morgan to prevail at trial on an excessive force claim. Counsel pointed to the element of "significant injury." *See Williams v. Dohm,* 153 So. 3d at 547.

As for this element, and after our *de novo* review, it is undisputed that Mr. Morgan did not submit *any* evidence that he suffered an injury, let alone "significant injury," as the result of the alleged excessive force used in the subject arrest. Louisiana Code of Civil Procedure Article 967(B) clearly states that, "an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." If the adverse party fails to do so, "summary judgment, if appropriate, shall be rendered against him." *Id.*

In its reasons for ruling, the trial court found that Mr. Morgan was required to "prove a significant injury" and that "[h]e would have to prove that the force was excessive … that the injuries were caused by the use of … objectively unreasonable force … to effectuate the arrest" by Trooper Scrantz. The trial court found "nothing in the record that shows any significant injury that was attached … I don't believe he can meet that burden of showing a significant injury." And, finally, the trial court explained that, "I have nothing in the record that shows the officer's actions were unreasonable [or] excessive."

The trial court then once again cited the lack of "body cam footage" and the possible issue for a jury as a question of fact surrounding the actual arrest and the allegations made by Mr. Morgan versus the affidavit of Trooper Scrantz. However,

the trial court subsequently found that the issue of significant injury "is not a credibility call and that can be established through medical records." Accordingly, the trial court found that "Mr. Morgan has a lack of proof of one of the elements required to succeed at trial" on his § 1983 claim for excessive force and also the State action claiming excessive force as well. We agree, and find no error of law in the trial court's ruling dismissing both of Mr. Morgan's claims for excessive force under both federal and state law.

### Fifth Amendment Claim

Although there was some confusion over whether Mr. Morgan pled a violation of the Fifth Amendment, in his pleadings under the heading "Allegation No. 5," Mr. Morgan does broadly claim a violation of his Fifth Amendment Rights by claiming that Officer Scrantz failed "to employ the standard and customary procedures … in executing an alleged arrest for violations of traffic and/or driving privileges … in violation of Plaintiff's State and United States Constitutional Rights under the 4th and 5th Amendments."

The record is clear that Mr. Morgan failed to introduce any evidence in support of his generally advanced claim. The trial court therefore correctly included Mr. Morgan's Fifth Amendment claim in its dismissal of this matter.

### Negligent Training and Supervision

Finally, Mr. Morgan also filed a claim for negligent training and supervision against the DPSC for "failure to properly train and supervise" Trooper Scrantz. The Louisiana Supreme Court in *Coulon v. Endurance Risk Partners, Inc.* 16-1146, p. 8 (La. 3/15/17), 221 So.3d 809, 813-14, clearly explained the burden of proof in a claim against an employer based on the actions of an employee and stated, "With regard to imputed fault, the foundation of liability under *respondeat superior* is the

employee's tort.   FRANK L. MARAIST & THOMAS C. GALLIGAN, JR., LOUISIANA TORT LAW § 13.02 (2d ed. 2016).   *See also* La.Civ.Code art. 2320."[1]   "In order for liability to attach to the employer under this doctrine, there must be some fault on the part of the employee."   *Coulon*, 221 So.3d at 814.

The trial court did not specifically dismiss Mr. Morgan's claims against DPSC for negligent training and supervision of Trooper Scrantz.   However, the necessity of a ruling on this claim was rendered moot by the trial court's prior rulings finding Trooper Scrantz was not at fault and its dismissal of Mr. Morgan's claims pursuant to 42 U.S.C. § 1983 and state law.

Additionally, the trial court's judgment signed at the close of the hearing on August 26, 2019, was prepared by defense counsel prior to the hearing, and did not specifically list all of Mr. Morgan's individual claims.   Mr. Morgan's counsel reviewed the judgment, and approved its contents on the record.   The judgment dismissed with prejudice, and at Mr. George Morgan's "sole cost," all claims made against the Louisiana Department of Public Safety and Corrections d/b/a Louisiana State Police and Louisiana State Trooper Taylor Scrantz.

---

[1] Louisiana Civil Code Article 2320 provides, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed in its entirety in favor of Louisiana State Trooper Taylor Scrantz and the Louisiana Department of Public Safety and Corrections d/b/a Louisiana State Police, and against George Morgan. Mr. Morgan is to bear the costs of this appeal.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3