198 So.2d 184 (1967)
Gary GARDNER, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee.
No. 1983.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1967.
*185 Shuey & Smith, by W. Gene Carlton, Shreveport, for plaintiff-appellant.
Steve A. Alford, Jr., Baton Rouge, for defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Plaintiff has appealed from an adverse judgment rendered against him in the district court. After reviewing the record, the briefs of counsel, and reasons for judgment of the district court, we are of the opinion that the trial judge, in a well written opinion, has disposed of all of the issues raised by appellant, and we hereby adopt in part his opinion as our own, to-wit:
"In these proceedings, Mr. Gary Gardner is seeking to have restored his chauffeur's license that was revoked by the Department of Public Safety of the State of Louisiana.
"The Department appeared through its Hearing Officer, Ossie P. Savoy, and submitted the records of the City Court of the City of New Iberia showing that the plaintiff has either pleaded guilty or was found guilty by that court of two offenses of driving while under the influence of liquor. (LSA-R.S. 14:98.)
"The first conviction was August 25, 1965; the second was August 31, 1966.
"LSA-R.S. 32:414 requires the Department to revoke a driver's license on the second offense for operating a motor vehicle `while under the influence of intoxicating liquor'.
*186 "From these it appears that the Department has no discretion in taking the action that it did.
"However, Mr. Gardner's counsel raises two questions relating to these convictions. The first is that the affidavit upon which the City Court acted in his second conviction charges that Mr. Gardner did `unlawfully drive a motor vehicle while under the influence of liquor'. He points out that this does not charge an offense known to our law because the statute, LSA-R.S. 14:98, which applies in such cases, denounces the operating of a motor vehicle while intoxicated which is defined to mean `while under the influence of alcoholic beverages'.
"This contention, of course, is based entirely upon a technicality. Perhaps if objection had been raised to the form of the charge at the time that it was under consideration by the court, the contention could have prevailed. The charge could have been amended. But the fact is that the accused entered a plea of guilty to the charge, was sentenced under it and paid the fine.
"To accede to plaintiff's contention would be to hold, in a civil proceeding, that a criminal conviction in another court is null and void and of no effect. This we cannot do. The law provided Mr. Gardner with ample remedies, but he waived them.
"Further, the statute involved, LSA-R.S. 32:414, is very broad in defining the circumstances under which licenses must be revoked. It provides that those who are guilty and sentenced for operating a motor vehicle `under the influence of intoxicating liquor' come under its provisions. One who is convicted of driving a motor vehicle while intoxicated is clearly covered by this language.
"The second contention that plaintiff's counsel raises is that the affidavit mentioned, that is, the one under which Mr. Gardner was sentenced for the second offense, also contained three other charges. One is for threatening a police officer by loud, obscene and profane language. Another is disturbing the peace in the police station and the third is for resisting arrest.
"His contention is that these charges cannot be cumulated in one affidavit.
"Perhaps this is so. But if it is, the time to raise the question is at the time of, or prior to, the trial on the charges.
"The law likewise granted to Mr. Gardner ample means to raise the objection, but he also entered pleas of guilty to them, was sentenced, and paid his fines.
"The reasons assigned under the first contention are equally applicable here, that this is a collateral attack upon a criminal conviction. And for the same reasons we must hold that we cannot entertain the contention.
"Mr. Gardner's counsel points out at Mr. Gardner's second conviction the City Judge evidently believed that the offense was Mr. Gardner's first. This is so because the judge ordered Mr. Gardner's license restricted to driving necessary to employment for sixty days. This order the Department disregarded.
"Counsel does not point out how this action of the judge affects these proceedings, and we are unable to determine how it does. Either the judge was not aware of Mr. Gardner's first conviction or was not aware of the compulsory provisions of LSA-R.S. 32:414. But whichever it was, it can make no difference here. * * *"
We conclude, as did the trial judge, that the plaintiff either pled guilty or was found guilty of two separate offenses of violating LSA-R.S. 14:98, and that these criminal proceedings cannot be attacked collaterally in the instant case. Under the plain provisions of LSA-R.S. 32:414, it became the mandatory duty of the Department of Public Safety to revoke his driver's license.
For the reasons assigned the judgment of the district court is affirmed at appellant's costs.
Affirmed.