424 So.2d 1262 (1982)
Ken Kerrell DUKE, Plaintiff-Appellant,
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY, Defendant-Appellee.
No. 82-441.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
*1263 Gaharan & Wilson, Donald R. Wilson, Jena, for plaintiff-appellant.
Ralph W. Stephenson, Jr., Asst. Gen. Counsel, Baton Rouge, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
STOKER, Judge.
Plaintiff, Ken Duke, filed suit in district court seeking full reinstatement of his driving privileges, reduction of the suspension period from two years to one year, or issuance of a restricted drivers license. The defendant, the State through the Department of Public Safety, filed an answer and exception of no cause of action in the same pleading. At a hearing on defendant's exception of no cause of action, evidence was admitted apparently without objection. The trial court maintained the exception and dismissed the suit at plaintiff's costs. We affirm.
The present two year suspension of Duke's driving privileges is based on his forfeiture of bond in Gonzales, Louisiana, on charges of driving while intoxicated and driving under suspension. The bond forfeiture occurred on April 7, 1981, and the trial judge found that Duke had received actual notice of his suspension which became effective on June 12, 1981. Duke did not seek review of the suspension in the district court within the 30 days provided for in LSA-R.S. 32:414(E), but filed this suit on May 5, 1982.
Plaintiff has abandoned his claim for a restricted license on appeal admitting that, because this is not his first suspension, he is not eligible under the provisions of LSA-R.S. *1264 32:415.1. The remaining issues concern the legality of the bond forfeitures and the suspension itself.
Plaintiff states several grounds in support of his contentions that the bond forfeiture was illegal and an improper basis for the suspension. However, these assertions are not proper issues in this case as they are the equivalent of a collateral attack on a criminal proceeding in a civil case. This type of collateral attack is not permitted. Gardner v. State, Department of Public Safety, 198 So.2d 184 (La.App. 3rd Cir. 1967).
Plaintiff attempts to distinguish the bond forfeiture from a guilty plea by pointing out that, unlike a guilty plea, a bond forfeiture cannot be used as an admission against interest in a civil proceeding. This contention ignores the fact that the legislature has specifically provided for the use of such a forfeiture in license revocation or suspension proceedings. LSA-R.S. 32:414 and related statutes. In addition, Duke claims to have received no notice of the hearing in Gonzales or of the bond forfeiture. If plaintiff actually did not receive proper notice and if this fact constituted ground for attack on the court's action, the proper time to assert it would probably have been within the thirty-day period allowed for applying for a hearing in district court after a license suspension. No timely application was made. In any event, the trial court specifically found that Duke had actual notice of the bond forfeiture.
On appeal, Duke contends that the evidence of the bond forfeiture presented by defendant is not sufficient to support the license suspension. Assuming that such contention was correct it was not timely asserted within the period provided for by statute.
Crucial to this decision is the issue of whether Duke received notice of the suspension. He claims that he did not, and defendant claims that two notices were sent to the last address which had been provided. One notice was for the one year suspension for driving while intoxicated and the other was for the second year suspension for driving under revocation. In lieu of a transcript of testimony the trial court provided for the record a narrative of facts. The trial judge found, as he did with the bond forfeiture, that Duke had actual notice of the license suspension. He states in the narration of facts, "Concerning complaints of lack of notice, this court found that petitioner was sent notices at the address on his license and through his brother got actual notice of the forfeiture and of the suspension." The written narrative of the facts by the trial judge is conclusive. LSA-C.C.P. art. 2131. The testimony adduced at trial was apparently sufficient to convince the judge that Duke had, in fact received notice. That finding will not be disturbed.
Duke also raises the argument that the procedure for suspension under LSA-R.S. 32:414 violates due process rights. However, this proceeding has been upheld in Price v. State, Department of Public Safety, 325 So.2d 759 (La.App. 1st Cir.1976). In that case, the court in commenting on 414 stated, "Due process requirements are met by the judicial review provided for in the foregoing statute." In the case at bar, Duke had notice of the suspension and an opportunity for timely judicial review in the district court. He did not avail himself of that opportunity.
The judgment of the trial court is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.