COLE, Judge.
The issue in this appeal is whether a habitual offender as defined in La.R.S. 32:1472 may obtain the restoration of his driving privileges by belatedly raising a defense to one of the predicate offenses which formed the basis of his adjudication as a habitual offender.
On April 7, 1982, judgment was rendered in State of Louisiana v. Edmond G. Boudreaux, (Number 64268 on the docket of the Twenty-first Judicial District), adjudging Boudreaux to be a habitual offender as defined in La.R.S. 32:1472. The predicate offenses supporting this adjudication included two D.W.I. convictions and one driving under revocation conviction. In accordance with La.R.S. 32:1479 (as it existed at the time) Boudreaux was prohibited from driving upon the roads, streets and highways of this state for five years.
On October 31, 1983, Boudreaux filed a petition seeking full restoration of his driving privileges or, in the alternative, a restricted driver’s license. The Louisiana Department of Public Safety (Department) was named as defendant in this matter. The Department filed an answer and the peremptory exception raising the objections of no right of action and of prescription, which were both denied by the trial court. Following trial on the merits, this matter was taken under advisement. Judgment was ultimately rendered on April 19, 1984, ordering the full restoration of Bou-dreaux’s driving privileges. The Department has perfected a suspensive appeal from this judgment.
In this action Boudreaux takes the position his adjudication as a habitual offender can not stand since one of the offenses supporting it, the driving under revocation conviction, was invalid because he was not given notice of the suspension prior to this offense. The trial court agreed and on this basis ordered restoration of Boudreaux’s driving privileges.
Initially, we note Boudreaux did not appeal either his adjudication as a habitual offender or his conviction for driving under revocation, both of which are now final judgments. Although Boudreaux arguably may have pled guilty to an invalid charge because of the lack of notice, the conviction in question must be presumed to be valid in the present posture of this matter. Lane v. Louisiana Dept. of Public Safety, 393 So.2d 329 (La.App. 1st Cir.1980). Collateral attacks upon a criminal conviction are not permitted in habitual offender proceedings. Duke v. State, Dept. of Public Safety, 424 So.2d 1262 (La.App. 3d Cir.1982); Gardner v. State, Department of Public Safety, 198 So.2d 184 (La.App. 3d Cir.1967). Since habitual offender proceedings are civil in nature and do not threaten any loss of liberty, no attacks on predicate offenses are permitted therein. State v. Tharpe, 459 So.2d 44 (La.App. 2d *418 Cir.1984), writ denied, 463 So.2d 600 (La.1985).
In any event, by pleading guilty Boudreaux waived any due process argument or defense he may have otherwise had to the charge of driving under revocation. It is well established the entry of an unqualified guilty plea waives all non-jurisdictional defects occurring prior thereto, as well as precluding any appellate review of the conviction. State v. Moore, 420 So.2d 1099 (La.1982). The defense Boudreaux now attempts to assert falls clearly within the class of non-jurisdictional defects waived by an unqualified guilty plea. Accordingly, he can not belatedly raise this alleged defense to a conviction which is now final.[1]
For these reasons, we conclude the trial court erred in restoring Boudreaux’s driving privileges. Accordingly, the judgment of the trial court is reversed and Bou-dreaux’s petition for restoration of his driving privileges is dismissed, at his cost.[2]
REVERSED.

. Boudreaux argues an attack upon the civil effect of a criminal conviction is permissable, citing Fletcher v. State, Department of Public Safety, 388 So.2d 80 (La.App. 1st Cir.1980). This "memorandum" opinion affords us no guidance.

. In this suit Boudreaux requested, in the alternative, the issuance of a restricted license. We note Boudreaux is not entitled to a restricted license under La.R.S. 32:415.1 A.(l), which authorizes the issuance of such a license only upon a person’s first suspension. The present suspension is clearly not Boudreaux's first suspension.