HIGGINBOTHAM, J.
12Plaintiff, Sidney Williams, appeals the grant of summary judgment in favor of defendants, Brian Harding, individually, and in his capacity as a Louisiana State Trooper, and the State of Louisiana through the Louisiana State Police (“State Police”). Finding no error, we affirm.
BACKGROUND
Mr. Williams filed suit against Trooper Harding, individually and in his official capacity as a state trooper, and the State Police, alleging that Trooper Harding used excessive force when he shot Mr. Williams during a routine traffic stop from which Mr. Williams attempted to flee. Mr. Williams also alleged that the State Police inadequately trained Trooper Harding. Trooper Harding and the State Police answered the lawsuit, denying all of Mr. Williams’s allegations and asserting that Trooper Harding acted lawfully and in self-defense when he shot Mr. Williams. Trooper Harding and the State Police also specifically pled the defenses of discretionary and qualified immunity.
This case began with a traffic stop on the night of February 17, 2009, in Houma, Louisiana. The encounter was recorded by Trooper Harding’s dash-cam video in his marked State Police unit. While on duty and patrolling, Trooper Harding stopped Mr. Williams’s vehicle, because he observed Mr. Williams driving in a careless, erratic, and suspicious manner, which he thought was an indication that the driver could be impaired. Trooper Harding quickly ascertained that Mr. Williams was driving with an expired driver’s license and tag, and he immediately noticed that Mr. Williams smelled of alcohol and marijuana. Although Mr. Williams appeared nervous as he attempted to explain his situation, he answered Trooper Harding’s *189 questions, and he cooperated by producing an open, half-empty bottle of beer that he had been drinking while driving. | .¡However, Mr. Williams refused to give Trooper Harding what appeared to be a marijuana butt that he was holding in his hand.
While Trooper Harding was requesting that the marijuana be handed over, Mr. Williams suddenly fled into a dark, vacant field located adjacent to the parking lot area where the traffic stop occurred. Once Mr. Williams began running, the encounter was no longer within the range of the dash-cam video camera lens mounted on Trooper Harding’s vehicle; however, some aspects of the foot pursuit were audio-recorded. As Trooper Harding chased Mr. Williams, he verbally commanded Mr. Williams to stop before he deployed his police-issued taser, which slowed, but did not stop, Mr. Williams. Trooper Harding eventually tackled Mr. Williams, in an attempt to get control of him; nevertheless, Mr. Williams fought and continued to resist. During their confrontation, Trooper Harding inadvertently dropped his taser on the ground. Mr. Williams picked it up and immediately used it in a “drive stun” maneuver by placing it directly on Trooper Harding’s neck.
The taser shot incapacitated Trooper Harding, making it difficult for him to breathe. He temporarily lost all feeling and muscle control from the waist up, became very dizzy, and was on the verge of passing out. Mr. Williams did not leave the scene while Trooper Harding was debilitated; instead, Trooper Harding felt Mr. Williams on top of him, attempting to pull his service revolver out of its holster. In fear of losing his life, Trooper Harding rolled on his side in an effort to protect his firearm while simultaneously kicking Mr. Williams off of him. Convinced that Mr. Williams was trying to take his revolver to shoot him, Trooper Harding managed to hold Mr. Williams off of him with his leg while he pulled his revolver and fired one shot into Mr. Williams’s left flank/abdomen. Although Mr. Williams fell after being shot, he persisted in his resistance as |/Trooper Harding handcuffed him. After backup arrived, Trooper Harding and Mr. Williams were both transported to a hospital for treatment.
Mr. Williams was eventually convicted and sentenced for seven felonies, including aggravated battery, attempt to disarm a police officer, and possession with intent to distribute cocaine and other illegal narcotic painkillers, in connection with the confrontation with Trooper Harding. The validity of Mr. Williams’s convictions has not been overturned or modified on appeal, expunged, or called into question in any way. Additionally, Trooper Harding was cleared by the State Police of any wrong doing arising out of the incident, including the discharge of his firearm while in the line of duty. Even so, Mr. Williams filed this lawsuit for damages the same month he was convicted, claiming that his constitutional rights were violated because he was the victim of excessive and unreasonable force at the hands of Trooper Harding. Mr. Williams alleged that Trooper Harding was inadequately trained for this type of situation that only escalated when Trooper Harding pursued him into the vacant field. Trooper Harding and the State Police answered the lawsuit, generally denying all of Mr. Williams’s allegations and raising the affirmative defenses of self-defense, qualified/discretionary immunity, and estoppel from a collateral attack on the underlying facts of the final judgments of conviction that gave rise to Mr. Williams’s claims.
Trooper Harding, individually and in his capacity as a state trooper, along with the State Police, filed a motion for summary *190 judgment on the issue of liability, maintaining that Trooper Harding’s use of force was reasonable and justifiable, as it was done in self-defense, that Mr. Williams was legally barred from collaterally attacking his convictions, and further asserting the defense of qualified/discretionary immunity. After a hearing, where counsel for Mr. Williams waived his appearance and/or forfeited his right to oral argument, the | strial court granted the motion for summary judgment, and dismissed Mr. Williams’s petition with prejudice. Mr. Williams appealed, arguing that the trial court erred in granting the summary judgment in favor of Trooper Harding and the State Police.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue, of material fact and whether the movant is entitled to judgment as a matter of law. Cutsinger v. Redfern, 2008-2607 (La.5/22/09), 12 So.3d 945, 949. Judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B).
The initial burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party’s claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial there is no genuine issue of material fact, and the mover is entitled to summary judgment. The adverse party may not rest on the mere allegations or denials of his pleading. His response, by affidavits or otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. See La.Code Civ. P. art. 966(C)(2); La.Code Civ. P. art. 967(B); Robles v. ExxonMobile, 2002-0854 (La. App. 1st Cir.3/28/03), 844 So.2d 339, 341.
| (¡DISCUSSION
Mr. Williams’s lawsuit alleges general claims for damages under 42 U.S.C. § 1983 and state law for personal injury arising out of a Fourth Amendment excessive force claim against Trooper Harding and the State Police. Trooper Harding and the State Police moved for summary judgment on the grounds that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), barred Mr. Williams’s claims, and that Trooper Harding and the State Police are entitled to qualified/discretionary immunity, pursuant to La. R.S. 9:2798.1.
In Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372, the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. Heck bars claims for harm caused by actions whose unlawfulness would render a conviction or sentence invalid. Id. Thus, unless the conviction has been overturned, a plaintiff cannot bring a § 1983 claim if prevailing on that claim would imply that his conviction was invalid. Arnold v. Town of Slaughter, 100 Fed.Appx. 321, 323 (5th Cir.2004), cert. denied, 543 U.S. 966, 125 S.Ct. 429, 160 L.Ed.2d 336 (2004). A Louisiana conviction for aggravated bat *191 tery of a police officer is a conviction that prevents a plaintiff from bringing an excessive force claim in connection with the incident, because a finding that the officer used excessive force would necessarily mean that the plaintiff was somehow justified in the battery, which would undermine the conviction See Id. See also Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir.1996).
Despite the jury’s criminal convictions of Mr. Williams for aggravated battery and attempt to disarm a police officer Mr. Williams’s civil lawsuit contends that he was not engaged in any aggressive behavior towards Trooper Harding, that he was unarmed and was not attempting to gain control over |7Trooper Harding’s firearm, and that Trooper Harding’s use of deadly force was unreasonably excessive. Thus, Mr. Williams’s lawsuit squarely challenges the jury’s factual determinations in his criminal trial that underlies his convictions for aggravated battery and attempt to disarm a police officer. If Mr. Williams were to prevail, he will have established that his criminal convictions lack any basis.
Jurisprudence clearly holds that civil suits are not allowed to collaterally attack previous criminal convictions. Therefore, since this lawsuit challenges the validity of Mr. Williams’s convictions, it is the type of excessive force claim that is barred by Heck and its progeny. See Arnold, 100 Fed.Appx. at 324-325; Hudson, 98 F.3d at 872-873. Furthermore, since Mr. Williams did not introduce any evidence to support or prove that his convictions or sentences have been reversed on direct appeal, expunged by executive order, or declared invalid by any tribunal authorized to make such a determination, the trial court correctly dismissed Mr. Williams’s claims. We find that Trooper Harding and the State Police were entitled to summary judgment as a matter of law on the Fourth Amendment excessive force claims.
Our review of Louisiana case law reveals that the Heck rationale is equally applicable to Mr. Williams’s state law claims for excessive force that necessarily attack the validity of his underlying convictions.[1] Thus, due to the Heck bar to this civil action, there is no underlying tortious act on the part of Trooper Harding, because as a matter of law (due to his conviction for aggravated battery upon Trooper Harding), Mr. Williams cannot show that Trooper Harding used |sexcessive force. Likewise, the reasoning of Heck precludes Mr. Williams’s ability to prove vicarious liability on the part of the State Police for excessive force.[2] Furthermore, Mr. *192 Williams failed to produce any factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof regarding inadequate policies or training on the part of the State Police. Mr. Williams may not rest on the mere allegations of his pleadings. La.Code Civ. P. art. 966(C)(2). Thus, there is no genuine issue of material fact and all of Mr. Williams’s state law claims were properly dismissed by summary judgment. See Penn v. St. Tammany Parish Sheriff’s Office, 2002-0893 (La.App. 1st Cir.4/2/03), 843 So.2d 1157, 1160-1161.[3] Because of our holding, we pretermit discussion of the affirmative defenses of qualified/discretionary immunity.
CONCLUSION
For the outlined reasons, we affirm the summary judgment granted in favor of defendants-appellees, Brian Harding, individually and in his official capacity as a Louisiana State Trooper, and the State of Louisiana through the Louisiana State Police, dismissing all of Mr. Williams’s claims. All costs of this appeal are to be paid by plaintiff-appellant. Sidney Williams.
AFFIRMED.

. See Boudreaux v. State, Dept. of Public Safety, 479 So.2d 416, 417 (La.App. 1st Cir.1985); Duke v. State, Dept. of Public Safety, 424 So.2d 1262, 1264 (La.App. 3d Cir. 1982); and Roberson v. Town of Pollock, 2005-332 (La. App. 3d Cir.11/9/05), 915 So.2d 426, 433-434 (in dissent), writ denied, 2006-0213 (La.4/24/06), 926 So.2d 550. See also Sheppard v. City of Alexandria, 2012 WL 3961820, p. 2 (W.D.La.9/10/12)(unpublished) (following Heck by not allowing state law claims to withstand summary judgment if the claims challenge the validity of the underlying criminal conviction); Bates v. McKenna, 2012 WL 3309381, p. 7 (W.D.La.8/13/12)(unpublished) (citing the Heck bar to a state law vicarious liability claim for unlawful arrest and excessive force, as well as the plaintiff's claims against the arresting officer); Anderson v. City of Minden, 2009 WL 1374122, pp. 5-6 (W.D.La.5/15/09)(unpublished) (applying the Heck standard to state law civil actions and precluding such action if it would invalidate a criminal conviction).

. See Restrepo v. Fortunato, 556 So.2d 1362, 1363 (La.App. 5th Cir.), writ denied, 560 So.2d 11 (La. 1990), holding that if a plaintiff is convicted of a crime for which he was arrested and indicted, then he has no cause of action for false imprisonment as a matter of law; and Rabalais v. Blanche, 524 So.2d 772, 773 (La.App. 3d Cir. 1988), holding that an action for malicious prosecution could not be maintained when the plaintiff was convicted for an offense for which she was arrested. *192 See also O’Brien v. Town of Glenmora, 2008-309 (La.App. 3d Cir. 11/5/08), 997 So.2d 753, 756, holding that a plaintiffs claims against the arresting officer and town were precluded by his conviction of the crime for which he was arrested.

. We distinguish Penn, 843 So.2d at 1159, in part, from the facts of this case because in Penn the plaintiff's excessive force claim was independent of his conviction for battery committed upon the police officer. In the case sub judice, Mr. Williams’s excessive force claim is inextricably related to the viability of his underlying conviction for aggravated battery.