# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50542

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2015

Lyle W. Cayce
Clerk

HAMIS ATHOMAN CHANDE,

Plaintiff-Appellant

v.

RAYMOND DARRYL MOORE; CHARLES; THE CITY OF WACO POLICE DEPARTMENT; CHARLES DAVIS; OFFICER JAMES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CV-73

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hamis Athoman Chande, Texas prisoner # 1828317, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court denied his IFP motion and certified that the appeal was not taken in good faith.

Chande's due process and equal protection challenges to the district court's denial of his IFP motion are unavailing. A district court may deny a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for leave to appeal IFP by certifying that the appeal is not taken in good faith and by providing written reasons for the certification. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). When a district court denies IFP status and certifies that an appeal is not taken in good faith under § 1915(a)(3) and Rule 24(a)(3), the appellant may either pay the filing fee or challenge the district court's certification decision. *Baugh*, 117 F.3d at 202. Chande's motion to proceed IFP on appeal is construed as a challenge to the district court's certification decision. *See id.*

The district court concluded that Chande's complaint was frivolous and failed to state a claim upon which relief may be granted because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Chande contends that his claims are not barred by *Heck* because (1) success on his unlawful arrest, search, and seizure claims would not necessarily implicate the validity of his drug-possession conviction and (2) his complaint incorporated a request for nominal damages. He also argues that pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), the statute of limitations for his claims began to run when he was detained pursuant to legal process.

Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of Chande's resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone, the district court correctly determined that Chande's claims were barred by *Heck*. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Chande's contention that the statute of limitations for his claims began to run when he was detained pursuant to legal process does not preclude a finding that his claims were barred by *Heck*. *See Wallace*, 549 U.S. at 393-94. Further, the district court did not dismiss

2

No. 14-50542

Chande's complaint pursuant to 42 U.S.C. § 1997e(e), and, thus, we need not consider whether it incorporated a request for nominal damages.

Chande has not shown that the district court's certification was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Chande's IFP motion is denied, and his appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court's dismissal of Chande's complaint as frivolous and the dismissal of the instant appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Chande is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.