**SAMUEL BARKER**        *       **NO. 2022-C-0629**

**VERSUS**               *

                        **COURT OF APPEAL**

**H2 LAW, LLC AND AUTUMN**    *

**HARRELL**                  **FOURTH CIRCUIT**

                    *

                        **STATE OF LOUISIANA**

              * * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-01747, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Tiffany Gautier Chase)


Ralph R. Alexis, III
Glenn B. Adams
Corey D. Moll
PORTEUS, HAINKEL, AND JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130

      COUNSEL FOR RELATOR


Samuel Barker
*Pro Se*

      PRO SE RESPONDENT


                           **WRIT GRANTED;**
       **JUDGMENT REVERSED AND RENDERED;**
              **DISMISSED WITH PREJUDICE**
                   **OCTOBER 10, 2022**

Relators/Defendants, H2 Law, LLC and Autumn Harrell (hereinafter, collectively "H2 Law"), seek supervisory review of the August 31, 2022 judgment of the trial court denying in part and granting in part its peremptory exception of no cause of action. Specifically, H2 Law submits that the trial court erred in denying its exception of no cause of action as to Respondent/Plaintiff Samuel Barker's (hereinafter "Plaintiff") claims of legal malpractice. For the reasons that follow, we reverse and dismiss the ruling of the trial court.

## FACTS AND PROCEDURAL HISTORY

On August 7, 2015 in Orleans Parish, Plaintiff was charged by bill of information with nine counts including simple burglary of a structure, attempted simple burglary of an inhabited dwelling, criminal damage, and theft. H2 Law was appointed as Plaintiff's counsel. A trial was held in November of 2016 in which the jury returned verdicts of guilty on all charges except one and on July 13, 2017 Plaintiff was adjudicated as a fourth felony offender.[1] He was sentenced to life

---

[1] In 2015, Plaintiff was charged with simple burglary of a structure, possession of burglary tools, simple criminal damage of property, simple burglary of a shed, theft of a computer valued at $750.00 or more, theft of a computer valued at $750.00 or more, simple criminal damage to a property, attempted simply burglary of an inhabited dwelling, and another attempted burglary of

1

imprisonment at hard labor without benefit of parole, probation, or suspension of sentence on two counts of simple burglary, and twenty years of imprisonment at hard labor without benefit of parole, probation or suspended sentence on the remaining counts. Plaintiff appealed his conviction, and it was affirmed by this Court on May 30, 2018.[2] On March 25, 2021, Plaintiff sought supervisory review of the trial court's denial of post-conviction relief. This Court denied his writ application.[3]

While his appeal was pending, Plaintiff filed a civil lawsuit alleging H2 Law committed legal malpractice.[4] H2 Law filed a peremptory exception of no cause of action which the trial court granted in part and denied in part as to Plaintiff's legal malpractice claim under Louisiana law. A written judgment was signed by the trial court on August 31, 2022 and it is from this judgment that H2 Law seeks supervisory review.

**DISCUSSION**

An appellate court reviews an exception of no cause of action *de novo*. *See Succession of Horrell*, 2021-0168, p.7 (La.App. 4 Cir. 11/17/21), 331 So.3d 1072, 1080. When reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal should review the case *de novo* because the exception raises a question of law and the "lower court's decision is based only on the sufficiency of the petition." *City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.*, 1993-0690, p. 28 (La. 7/5/94), 640 So.2d 237, 253.

---

an inhabited dwelling. Plaintiff was found guilty on all counts except attempted burglary of an inhabited dwelling.
[2] *State v. Barker*, 2017-0469 (La.App. 4 Cir. 5/30/18), 316 So.3d 422.
[3] *State v. Barker*, 2021-K-0161, *writ denied* (La.App. 4 Cir. 4/7/2021).
[4] Plaintiff asserted various malpractice claims which appeared to arise under both federal and Louisiana law, as well as contract claims.

"A peremptory exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords the plaintiff a remedy based on the facts alleged in the pleading." *In re Succession of Duskin,* 2014-0236, p.11 (La.App. 4 Cir. 11/19/14), 153 So.3d 567, 575. "The function of a peremptory exception is to have plaintiff's action declared legally nonexistent, or barred by the effect of the law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923. A court must only consider the petition for damages, amendments to the petition for damages, and any document attached to the petition for damages when deciding on an exception for no cause of action. *Niang v. Dryades YMCA Sch. of Commerce, Inc.,* 2019-0425, p. 5 (La.App. 4 Cir. 12/4/19), 286 So.3d 506, 509.

H2 Law avers that the trial court erred in denying its exception of no cause of action because Plaintiff's claims fail to support a cause of action against H2 Law for legal malpractice.

H2 Law contends that Plaintiff is using this legal malpractice action to attack his criminal conviction and re-urge arguments of ineffective assistance of counsel which he has previously raised in his criminal proceeding. H2 Law further asserts that the trial court erred in failing to apply the rationale in the United States Supreme Court case *Heck v. Humphrey.* 512 U.S. 477 (1994), 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). The United States Supreme Court determined that a plaintiff alleging claims under 42 U.S.C. §1983, challenging a criminal conviction, may only bring such claims if the plaintiff's conviction has been expunged, reversed, declared invalid, or called into question by writ of habeas corpus. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372, 129 L.Ed. 383. In the case *sub judice*, the trial court determined that *Heck's* holding was not applicable to state law claims.

However, Louisiana's appellate and federal courts have held that the holding of *Heck* is applicable to state law claims that challenge the legitimacy of a criminal conviction.[5] "Our review of Louisiana case law reveals that the *Heck* rationale is equally applicable to…state law claims. . . ." *Williams v. Harding,* 2012-1595 p. 6, (La.App. 1 Cir. 4/26/13), 117 So.3d 187, 191. Louisiana's Third Circuit has also held that a collateral attack on a criminal proceeding, by way of a civil action, is not permitted. *See Duke v. State, Dep't. of Pub. Safety*, 82-441 (La.App. 3 Cir. 12/22/1982), 424 So.2d 1262, 1264. Thus, we find the trial court erred in concluding that *Heck* does not apply to Plaintiff's legal malpractice claim.

H2 Law contends trial court erred in concluding that Plaintiff stated a cause of action, for legal malpractice, in his petition. Plaintiff's claims include but are not limited to; failing to visit Plaintiff in jail; filing a competency hearing without informing or without the consent of Plaintiff; failing to object to the Judge misdirecting the jury and therefore influencing the jurors; and failing to object to continuance of trial or any other motion as requested by H2 Law.

In order to establish a claim for legal malpractice, a plaintiff must establish the following: (1) existence of attorney-client relationship, (2) negligent representation by the attorney, and (3) loss to the client that is caused by the attorney's negligence. *Henry v. Ahern*, 2021-0438, p. 11 (La.App. 4 Cir. 4/9/22), 335 So.3d 871, 878. In Plaintiff's petition he concedes that a favorable ruling would not result in an overturning of his conviction and instead demands monetary damages. Accepting Plaintiff's allegations as true, Plaintiff fails to establish a

---

[5] *See Williams*, 2012-1595 p.7, 117 So.3d 187;*Straughter v. Louisiana Dep't. of Pub. Safety & Corr.*, 2017-0384 (La.App 1 Cir. 11/1/17), 233 So.3d 89; *El-Mumit v. Fogg*, 1988-0356 (La.App. 4 Cir. 1989), 542 So.2d 149; *Anderson v. City of Minden*, CIV.A. 2007-0905, 2009 WL 1374122 (W.D. La.5/15/09) (unpublished); *Bates v. McKenna*, CIV.A. 2011-1395, 2012 WL 3309381 (W.D. La. 8/13/12) (unpublished); *Sheppard v. City of Alexandria*, 2012 WL 3961820 (W.D. La. 9/10/12).

viable claim for legal malpractice as a result of H2 Law's alleged failure to meet with him and investigate his claims during his criminal trial. Thus, Plaintiff failed to meet an essential element of the legal malpractice claim and the trial court erred in denying H2 Law's exception of no cause of action.

Likewise, Plaintiff has previously made similar ineffective assistance of counsel claims in his criminal appeal and his application of post-conviction relief against H2 Law. *See Barker*, 2017-0469 (La.App. 4 Cir. 5/30/18), 317 So.3d 422; *Barker*, 2021-K-0161, *writ denied* (La.App. 4 Cir. 4/7/2021). Our review of the petition and Plaintiff's previous claims reveals that Plaintiff is attempting to argue that H2 Law's purported ineffective assistance of counsel as the basis for his conviction. Plaintiff filed this legal malpractice suit while his criminal appeal was pending before this Court. We find this cause of action is prohibited by *Heck v. Humphrey* and its progeny. All of Plaintiff's claims have been fully adjudicated and no relief has been granted since his filing of this petition in 2017.[6] Therefore, the trial court erred in finding that Plaintiff stated a cause of action in his petition.

We also find a procedural error by the trial court. The trial court erred in denying in part and granting in part H2 Law's exception of no cause of action. This Court has noted that it does not favor a trial court "granting partial exceptions for no cause of action." *Parker v. Palladin Contractors*, LLC, 2022-0492, p.7 (La.App. 4 Cir. 3/3/12), 314 So.3d 1128, 1134 (quoting *Scott v. Zaheri,* 14-0726, p. 3 (La.App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83. "There is only one cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's

---

[6] *Barker*, 2017-0469 (La.App. 4 Cir. 5/30/18) 317 So.3d 422, *writ denied*, 2018-0968 (La. 3/18/19), 267 So.3d 85.

5

right to assert the action against defendants." *Everything on Wheels Subaru Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1238-39 (La. 1993). All of Plaintiff's demands arise from the same transaction or occurrence. Specifically, H2 Law's representation of him during his criminal trial. Thus, the trial court erred in bifurcating the claims and denying part of H2 Law's exception of no cause of action.

## CONCLUSION

We find the reasoning in *Heck* applicable to state law claims. Louisiana's appellate and federal courts have held that state law claims which challenge a criminal conviction are prohibited. Plaintiff's petition failed to meet the causation element of a legal malpractice claim and therefore failed to state a cause of action.

## DECREE

Based on the foregoing reasons we grant H2 Law's supervisory writ, reverse the August 31, 2022 judgment of the trial court, and dismiss Plaintiff's petition against H2 law with prejudice.

**WRIT GRANTED;**
**JUDGMENT REVERSED AND RENDERED;**
**DISMISSED WITH PREJUDICE**