# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DANNY RICKS

VERSUS

OFFICER JOSHUA BARNETT; OFFICER
CASEY HUNTER; K-9 CORPORAL T.
RICKEN; CITY OF BATON ROUGE THROUGH
THE MAYOR, SHARON WESTON BROOME, EX
OFFICIO

NO.  2022 CW 0886

**NOVEMBER 3, 2022**

---

In Re:    City of Baton Rouge/Parish of East Baton Rouge,
          applying for supervisory writs, 19th Judicial District
          Court, Parish of East Baton Rouge, No. 666827.

---

**BEFORE:    THERIOT, CHUTZ, AND HESTER, JJ.**

**WRIT GRANTED.** The district court's June 23, 2022 judgment denying the motion for summary judgment filed by Defendants, City of Baton Rouge Through the Mayor, Sharon Weston Broome, Ex Officio, is hereby reversed.  A plaintiff who has been convicted of a crime cannot bring a § 1983 claim which challenges the constitutionality of his conviction unless that conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. **Heck v. Humphrey,** 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  **Heck** does not operate as a per se bar on excessive force claims; rather, it involves an "analytical and fact-intensive" analysis as to whether "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim." **Bush v. Strain,** 513 F.3d 492, 498 (5th Cir. 2008).  However, if a plaintiff asserts innocence in his complaint with regard to the arrest encounter, and not merely to a divisible portion of it, jurisprudence holds that the excessive force claim is necessarily inconsistent and inseparable from a related conviction, and therefore, barred by **Heck.**  Plaintiff's petition presents his excessive force claim as one encounter to which he was wholly innocent. Moreover, Plaintiff's petitions not only assert innocence, they also contain factual errors, including the denial that Plaintiff was billed with any crime when in fact Plaintiff pled guilty to aggravated flight from an officer prior to filing of his amended petition. The total effect of Plaintiff's petitions is clear under the jurisprudence, Plaintiff's excessive force claims are barred.   Regarding the state law claims raised by Plaintiff, such claims are also barred as they arise out of the same facts that resulted in his conviction, and the conviction has not been reversed or invalidated. **Williams v. Harding,** 2012-1595 (La. App. 1st Cir. 4/26/13), 117 So.3d 187.  The claims asserted by Plaintiff, Danny Ricks, against Defendant City of Baton Rouge Through the Mayor, Sharon Weston Broome, Ex Officio, are dismissed with prejudice.

**MRT**
**WRC**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

*α.Svl*

---
DEPUTY CLERK OF COURT
FOR THE COURT