UNITED STATES DISTRICT COURT 
 EASTERN DISTRICT OF LOUISIANA 

BERNARD RANDY WILLIAMS CIVIL ACTION 

VERSUS NUMBER: 23-7216 

MICHAEL MORRISON, ET AL. DIVISION "5" 
 ORDER 

 Before the Court is the Motion for Summary Judgment Pursuant to F.R.C.P. 56 (rec. 
doc. 26) filed by Defendants, Jefferson Parish Sheriff’s Office (“JPSO”) Deputies Christian 
Adams, Justin McCubbins, Michael Morrison, Tyler Ordoyne, and Jairen Pichon (collectively, 
“Defendants”). Plaintiff has filed no opposition to the motion. Having reviewed the motion 
aI.n d theB caacskeg larowu, nthde Court rules as follows. 

 This case arises from Plaintiff’s on August 5, 2023 for violations of La. Rev. Stat. § 
14:95.1 (possession of a firearm by a convicted felon) and La. Rev. Stat. § 14:108 (resisting 
 1 
arrest). (Rec. doc. 26-4 at 4). 
 On August 5, 2023, at approximately 11:39 p.m., Deputy Michael Morrison observed 
an individual riding a bicyIcdle. with no illuminating lamps or reflectors in violation of La. 
Rev. Stat. § 32:32I9d.1. (A). ( ). The individual that Morrison observed was also pulling a 
sIedc.ond bicycle. ( ). Morrison attempted to stop the individual, but the individual fled. 
( ). Morrison then notified dispatIcdh. and provided a description of the individual that he 
sought to question over the radio. ( ). 
1 
 Deputies JustinI Md.cCubbins and Jairen Pichon later observed Plaintiff riding a bicycle 
in the general area. ( ). PlaiIndt.iff matched the general description of the individual that 
MorrisIodn. sought to question. ( ). McCubbins and Pichon approached Plaintiff to question 

hIidm.. ( ). They advised Plaintiff that they were detaIdin. ing him for investigative purposes. 
( ). Plaintiff began to act nervously and evasively. ( ). 
 McCubbins observed a large bulge in Plaintiff’s pocket that he believed could be a 
weapon andI dc.hose to place Plaintiff in handcuffs while they detained him for investigative 
purposes. ( ). Plaintiff began to Irde.sist and pull back from McCubbins while reaching for 
the pocket containing the bulge. ( ). McCubbins aIndd. Pichon were ultimately able to gain 
control of Plaintiff and place him in handcuffs. ( )I.d . A subsequent search of Plaintiff 
produced a Kel-Tec 32 ACP semi-automatic pistol. ( ). A subsequent criminal-history 

investigation revealed that Plaintiff was a convIidc.ted violent felon, having been convicted on 
October 12, 2017 for second-degree murder. ( ). 
 Defendants arrested for violations of La. Rev. Stat. § 14: 95.1 (possession of a 
firearm by a convicted felon) and La. Rev. Stat. § 14:108 (resisting arrest). The Jefferson 
Parish Office of the District Attorney accepted the charge of possession of a firearm by a 
convicted felon, and, on June 12, 2024, he was convicted of that charge by a jury. (Rec. doc. 
26-5). 
 On December 7, 2023, Plaintiff filed this lawsuit under 42 U.S.C. § 1983, alleging that 

Defendants racially profiled him and falsely detaineIdd .him. (Rec. doc. 4). He also alleges 
that they fabricated the report of the incident. ( ). Construing Plaintiff’s Complaint 
 2 
liberally, as it must, Plaintiff essentially asserts claims for unlawful arrest, unlawful search 
aIIn. d seiSzuurme,m anadry u Jnuladwgmfuel ndte tSatiannmdeanrtd. 

 Summary judgment is proper “if the pleadings, depositions, answers to 
interrogatories, and admissions on file, together with the affidavits, if any, show that there 
is no genuine issue as to anyC emloatteexr iCaol rfpa. cvt. Caantdr etthtat the moving party is entitled to a 
judgment as a matter of law.” , 477 U.S. 317, 322 (1986) (citing Fed. 
R. Civ. P. 56(c)). “Rule 56(c) mandates the entry of summary judgment, after adequate time 
for discovery and upon motion, against a party who fails to make a showing sufficient to 
establish the existence of an element eIsds.ential to that party's case, and on which the party 
will bear the burden of proof at trial.” A party moving for summary judgment bears the 

initial burden of demonstrating the basis for summary judgment and identifying those 
portions of the record, discovery, a Indd. any affidavits supporting the conclusion that there is 
no genuine issue of material fact. at 323. If the moving party meets that burden, then 
the nonmoving party must use evidence coIdg.nizable under Rule 56 to demonstrate the 
existence of a genuine issue of material fact. at 324. 
 A genuine issue oSfe em Aantedreiraslo fna cvt. eLxiibsetrst iyf aL orbebays,o Innacb.le jury could return a verdict for 
the nonmoving party. Id. , 477 U.S. 242, 248 (1986). The 
substantive law identifies which facts are material. Material facts are not genuinely 

disputed when a rational trier ofS feaec Mt caotusuldsh nitoat Efilnedc. fIonrd tuhse. Cnoo. nvm. Zoevniinthg Rpaadrtiyo uCporopn. a review 
of the record takenE qausa al wEmhopl'et . O pportunity Comm'n v. Simbaki, Ltd. , 475 U.S. 
574, 587 (1986); , 767 F.3d 475, 481 (5th 
Erickson v. Pardus 
Cir. 2014). “[U]nsubstantiated assertions,” “conclusory allegations,” andS meee Arenldye crsoolonrable 
factual bases areH ionpspuefrfi cvi.e Fnrta tnok defeat a motion for summary judgment. , 477 
U.S. at 249-50; , 16 F.3d 92, 97 (5th Cir. 1994). In ruling on aS eseu Dmemltaar &y 

jPuidneg mLeanntd mCoot. iov.n ,N aa ctioounrwt imdea yA ngoritb ruessionlevses cIrnesd. iCboi.lity issues or weigh evidence. 
 , 530 F.3d 395, 398-99 (5th Cir. 2008). 
Further, a court must assess the evidence, review the facts, and draw any appropriate 
inferences based on tSheee eTvoildaenn cve. Ciont ttohne light most favorable to theD apnairetlys vo.p Cpiotsyi nogf 
sAurmlinmgtaorny judgment. , 572 U.S. 650, 656 (2014); 
 , 246 F.3d 500, 502 (5th Cir. 2001). Yet a court only draws reasonable inferences 
in favor of the nonmovant “when there is an actualL ciottnlet rvo.v Leirqsuyi, dt hAaitr iCs,o wrph.en both parties 
have submitted evidence ofL cuojanntr va.d Nicatto'lr Wy ifladcltifse.” F ed'n , 37 F.3d 1069, 

1075 (5th Cir. 1994) (citing , 497 U.S. 871, 888 (1990)). 
 After the movant demonstrates the absence of a genuine dispute, the nonmovant 
must articulate specific facts and pointS teoe Lsuynpcpho rPtrinopgs, .,c Ionmc.p ve. tPeontto emvaidc eInncse. Ctoh. aotf mIlla.y be 
presented in a form admissible at trial. , 140 
F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(M2)a.t s Suushchit afacts must create 
more than “some metaphysical doubt as to the material facts.” , 475 U.S. at 586. 
When the nonmovant will bear the burden of proof at trial on the dispositive issue, the 
moving party may simply point to insufficient admissible evidence to establish an essenStieael 

eCleelmoteenxt of the nonmovant's claim in order to satisfy its summary judgment burden. 
 , 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B). Unless there is a genuine issue for trial 
that couldSe seu Lpitptolert a judgment in favor of the nonmovant, summary judgment must be 
granted. , 37 F.3d at 1075-76. 
III. Law and Analysis 

 Plaintiff brings this action for alleged violations of his civil rights under 42 U.S.C. § 
1983, which “establishes a cause of action for ‘the deprivation of any righWtsil,d perri vvi. lVegiregsi,n oiar 

iHmomspu. nAistsie'ns secured by the Constitution and laws' of the United States.” 
 , 496 U.S. 498, 508 (1990). Defendants contend that Plaintiff’s entire action 
suffers from a fatal flaw. They argue that Plaintiff’s wholesale attack on the way his arrest 
was procured amounts to a challenge of the lawfulness of his detention and conviction and, 
therefore,H ise cnko vt .c Hougmnipzahbreley under Section 1983, or any other civil rights statute. 
 In , the Supreme Court held: 
 [I]n order to recover damages for allegedly unconstitutional conviction or 
 imprisonment, or for other harm caused by actions whose unlawfulness 
 would render a conviction or sentence invalid, a § 1983 plaintiff must prove 
 that the conviction or sentence has been reversed on direct appeal, expunged 
 by executive order, declared invalid by a state tribunal authorized to make 
 such determination, or called into question by a federal court's issuance of a 
 writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that 
 relationship to a conviction or sentence that has not been so invalidated is 
 not cognizable under § 198H3.e ck 

512 U.S. 477, 486-87 (1994). The Court further explained: 
 [t]his requirement avoids parallel litigation over the issues of probable cause 
 and guilt . . . and it precludes the possibility of the claimant succeeding in the 
 tort action after having been convicted in the underlying criminal 
 prosecution, in contravention of a strong judicial policy against the creation 
 of two conflicting resolutions arising out of the same or identical transaction. 
 Furthermore, to permit a convicted criminal defendant to proceed with a 
 [tort] claim would permit a collateral attack on the conviction through the 
Id. vehicle of a civil suit. Heck 

 (internal citations omitted). also applies to Louisiana state-law tort claims, such 
as any claim for false arrest, assault, battery, intentional infliction of emotional distress, or 
any other state-law theoWryi lolifa mresc vo.v Hearyr dtihnagt would challenge the validity of a plaintiff’s 
 3 
conviction and sentence. , 117 So. 3d 187, 190-92 (La. Ct. App. 2013). 
 As noted above, Plaintiff was convicted by a juHrye cfko r possession of a firearm by a 
convicted felon. Plaintiff’s claims are thus barred by bAeuccaouisne va. Cfiunpdiilng in Plaintiff’s 
favor would imply the invalHideictyk of his criminal conviction. , 958 F.3d 379, 
382 (5th Cir. 2020) (citing , 512 U.S. at 486-87). To determine this, the Court must 
determine whether “success on the . . . claim requires negation of an element of the 
criminal offense or proAoufc ooifn a fact that is inherently incoBnussihst evn. tS twraitihn one underlying the 
criminal conviction.” , 958 F.3d at 382 (quoting , 513 F.3d 492, 497 
(5th Cir. 2008)). Here, for Plaintiff to prevail on his claimsM, ahgee we vo.u Rlde ehdave to prove that 
Defendants had no probable cause to stop and search him. , No. CV 14-1554, 

2021 WL 411449, at *5 (E.D. La. Feb. 5, 2021). Plaintiff's conviction for possession of a 
firearm, however, implies that Defendants had probable cause to search him. Because a 
showing that there was no probable cause for the challenged search, seizure, and arrest 
would call into question the validity of Plaintiff’s resulting conviction for unlawful 
possessionH oefc ak fiSreeea rCmha bnyd ea vc.o Mnvoiocrteed felon, the Court concludes that Plaintiff’s claiWmesl las rve. 
bBaornrneedr by . , 606 F. App'x 238, 239 (5th Cir. 2015) (citing 
 , 45 F.3d 90, 95 (5th Cir. 1995)). 
 Plaintiff has not attempted to distinguish the factual basis for his Section 1983 

claims from that of his conviction. Accordingly, Plaintiff’s claims against Defendants for 
unlawful arrest, unlawful search and seizure, and unlawful detainment are hereby 
 Heck 
“DdeiLsemoins sve. dC iwtyi tohf Cporerpjuudsi Cceh rtios ttiheir being asserted again until the conditions are met.” 
IV. Conclusion , 488 F.3d 649, 657 (5th Cir. 2007). 

 FITo rI Sth OeR foDrEeRgoEiDng reasons, 
 GRANTED that the Motion for SumDmIaSrMy IJSuSdEgDm WenItT PHu rPsRuEanJUt DtoI CFE.R.C.P. 56 (rec. 
doc. 26) is , and Plaintiff’s 2c0latihms are February . 
 New Orleans, Louisiana, this day of , 2025. 

 MICHAEL B. NORTH 
 UNITED STATES MAGISTRATE JUDGE